JS-6

GREENBERG TRAURIG, LLP
Matthew R. Gershman (SBN 253031)
*GershmanM@gtlaw.com*
Irene Chen (SBN 319590)
*Irene.Chen@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

GREENBERG TRAURIG, LLP
Sabina A. Vayner (*admitted pro hac vice*)
*Sabina.Vayner@gtlaw.com*
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2409
Facsimile: 678-553-2256

*Attorneys for Plaintiff*
*Stanley Steemer International, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY STEEMER INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION CARPET CARE INC., STAINLESS STEAMER LLC, OFIR ASIS, OMRI TALOR, and KIRSTEN CALLOO,<br><br>Defendants. | Civil Action No.: 2:25-cv-01836-JFW-BFM<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

On May 14, 2025, Plaintiff Stanley Steemer International, Inc. ("Stanley Steemer") filed its First Amended Complaint against, *inter alia*, Defendants Precision Carpet Care Inc. ("Precision Carpet Care"), Ofir Asis ("Asis"), and Omri Talor ("Talor") (collectively, the "Defendants"), alleging trademark infringement, unfair competition, state trademark dilution, and domain name infringement under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); the California Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; the California anti-dilution statute, CAL. BUS. & PROF. CODE § 14330; and the common law, arising out of Defendants' use of unauthorized versions of Stanley Steemer's well-known and distinctive STANLEY STEEMER mark. (ECF No. 20.) The First Amended Complaint also named Stainless Steamer, LLC and Kirsten Calloo as defendants, but these defendants were dismissed without prejudice on May 15, 2025. (ECF No. 29.)

Defendant Asis was properly served on May 28, 2025. (ECF No. 33.)

Defendants Precision Carpet Care and Talor were properly served on July 22, 2025. (ECF No. 38.)

Plaintiff Stanley Steemer and Defendants Precision Carpet Care, Asis, and Talor, having agreed upon a resolution of this matter and entered into a Settlement Agreement for that purpose, and such Settlement Agreement providing for, *inter alia*, the entry of a Consent Judgment and Permanent Injunction, now stipulate and consent to this Stipulated Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every statement, provision, order, and decree in the Stipulated Consent Judgment and Permanent Injunction.

NOW THEREFORE, on consent of Plaintiff Stanley Steemer and Defendants Precision Carpet Care, Asis, and Talor, IT IS ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Stanley Steemer is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business at 5800 Innovation Drive,

Dublin, Ohio 43016. Stanley Steemer is the owner of the STANLEY STEEMER mark and corresponding federal service mark and trademark registrations at issue in this action.

2. Defendant Precision Carpet Care is a corporation organized and existing under the laws of the State of California, with a principal place of business at 6655 W. Sahara Avenue, Suite C210, Las Vegas, Nevada 89146. Precision Carpet Care was formed on December 19, 2013 and is registered under Entity No. 3628275. The entity status, as listed on the Office of the Secretary of State for the State of California website, is "active."

3. Defendant Asis is an individual residing in the State of Nevada and in the city of Las Vegas.

4. Defendant Talor is an individual residing in the State of Nevada and in the city of Las Vegas.

5. Asis and Talor are the owners and directors of Precision Carpet Care.

6. Asis and Talor previously conducted business under the name "Stainless Steamer," both directly and through Precision Carpet Care.

7. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Stanley Steemer's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8. This Court has personal jurisdiction over Defendant Precision Carpet Care because Precision Carpet Care is registered to do business in the State of California, transacts business in this State, and the acts and events out of which this action arises occurred in this State.

9. This Court has personal jurisdiction over Defendant Asis because Asis transacts business in this State, and the acts and events out of which this action arises occurred in this State.

10. This Court has personal jurisdiction over Defendant Talor because Talor transacts business in this State, and the acts and events out of which this action arises occurred in this State.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because each Defendant either resides in this Judicial District and/or a substantial portion of the events or omissions giving rise to the claim occurred in this District.

**A. Stanley Steemer and Its Well-Known STANLEY STEEMER Mark**

12. For the past half century, Stanley Steemer has provided high-quality, reliable carpet and upholstery cleaning and installation services and products, among other related services and products. Over the past five years alone, Stanley Steemer and its franchisees have provided services to more than 8 million households throughout the United States and more than 800,000 households in the State of California.

13. Stanley Steemer is the owner of the extremely well-known STANLEY STEEMER mark, both standing alone and in combination with other terms and/or design elements (the "STANLEY STEEMER" Mark), which Stanley Steemer has used continuously in United States commerce since at least as early as 1972 in connection with a variety of cleaning-related services and products.

14. The United States Patent and Trademark Office ("USPTO") has issued multiple federal service mark and trademark registrations for the STANLEY STEEMER Mark to Stanley Steemer, including but not limited to the following:

| Mark | Reg. No. | Reg. Date | Services and/or Goods |
|---|---|---|---|
| STANLEY STEEMER | 0996362 | October 22, 1974 | Class 7: carpet cleaning machines |
| STANLEY STEEMER | 1006675 | March 11, 1975 | Class 37: carpet cleaning services |

| Mark | Reg. No. | Reg. Date | Services and/or Goods |
|---|---|---|---|
| STANLEY STEEMER | 1406382 | August 26, 1986 | Class 3: cleaner and spot remover for carpets and upholstery sold in connection with carpet cleaning services |
| STANLEY STEEMER | 1694865 | June 16, 1992 | Class 37: upholstery cleaning services |
| STANLEY STEEMER | 2274323 | August 31, 1999 | Class 37: duct cleaning services |
| STANLEY STEEMER | 2442125 | April 10, 2001 | Class 35: retail store services and retail door to door services, namely for carpet<br><br>Class 37: installation of carpet |
| STANLEY STEEMER | 2871734 | August 10, 2004 | Class 37: repair, maintenance and cleaning of heating, ventilating and air conditioning systems |
| 1-800-STEEMER | 3464933 | July 15, 2008 | Class 37: repair, maintenance and cleaning of heating, ventilating and air conditioning systems; hardwood floor refinishing; tile and grout cleaning; water damage restoration in the nature of cleaning services |

(collectively, the "STANLEY STEEMER Registrations").

15. Each of the STANLEY STEEMER Registrations is valid, subsisting, and in full force and effect.

16. Each of the STANLEY STEEMER Registrations is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. The incontestable STANLEY STEEMER Registrations serve as conclusive evidence of Stanley Steemer's ownership of, and the validity of, the underlying STANLEY STEEMER Mark and of Stanley Steemer's exclusive right to use the STANLEY STEEMER Mark in commerce on or in connection with all of the services and goods encompassed by the STANLEY STEEMER Registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

17. Pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, the STANLEY STEEMER Registrations provided Defendants with constructive notice of Stanley Steemer's claim of ownership for the registered STANLEY STEEMER Mark.

18. Stanley Steemer is also the owner and operator of the www.stanleysteemer.com domain name (the "Stanley Steemer Domain") and associated active website, which prominently incorporates and features the STANLEY STEEMER Mark (the "Stanley Steemer Website").

19. As a result of Stanley Steemer's widespread use and its advertising and marketing efforts for more than five decades, the STANLEY STEEMER Mark has become widely known by the consuming public as a distinctive symbol of the substantial goodwill established by Stanley Steemer in connection with its services and products throughout the United States, including in the State of California.

**B. Defendants' Unlawful Activities**

20. Decades after Stanley Steemer's adoption and first use of its well-known, distinctive STANLEY STEEMER Mark, and well after Stanley Steemer had established strong, protectable rights in its STANLEY STEEMER Mark, Defendants adopted and began using the marks STAINLESS STEAMER and STAINLESS STEEMER (both standing alone and in combination with other words and/or design elements) (collectively,

the “Disputed Marks”), offering carpet and upholstery cleaning and related services, which services Stanley Steemer contends are identical to, and directly competing with, the services offered for decades by Stanley Steemer in connection with its STANLEY STEEMER Mark.

21. Stanley Steemer contends that the Disputed Marks are highly similar to Stanley Steemer’s STANLEY STEEMER Mark in sight, sound, and commercial impression. Indeed, the Disputed Marks incorporate a second term that is either identical when spoken aloud (STEAMER) or identical in all respects (STEEMER) and combine that second term with STAINLESS as the first term, which, like the STANLEY STEEMER Mark, begins with the letters STA and also contains the letter string NLE.

22. The Disputed Marks are (or were) in use in commerce in connection with identical, directly competing services (i.e., carpet and upholstery cleaning and related services).

23. One or more of the Defendants is also the owner and/or operator of the domain names stainlesssteamerca.com, stainlesssteamercalifornia.com, stainlesssteamerlv.com, and stainlesssteamernv.com (collectively, the “Disputed Domain Names” and each an “Disputed Domain Name”) and associated active websites (collectively, the “Disputed Websites” and each an “Disputed Website”), through which Defendants advertised and promoted the services they offer in connection with the Disputed Marks.

24. Defendant Talor registered the stainlesssteamerca.com Disputed Domain Name on or about July 23, 2017, listing himself as the registrant of record and Defendant Precision Carpet Care as the registrant organization of record.

25. Defendant Asis registered the stainlesssteamerlv.com Disputed Domain Name on or about July 23, 2017, listing himself as the registrant of record.

26. Defendant Asis registered the stainlesssteamercalifornia.com Disputed Domain Name on or about February 22, 2023, listing himself as the registrant of record.

27. Defendant Asis registered the stainlesssteamernv.com Disputed Domain Name on or about February 22, 2023, listing himself as the registrant of record.

28. The Disputed Domain Names incorporate the entirety of the STAINLESS STEAMER Disputed Mark, adding only the geographically descriptive terms "California," "CA" (the state abbreviation for California), "NV" (the state abbreviation for Nevada), and "LV" (the city abbreviation for Las Vegas, Nevada).

29. Stanley Steemer contends that Defendants intentionally selected the Disputed Marks and the Disputed Domain Names in an effort to dupe consumers into selecting and paying for Defendants' services rather than the legitimate, high-quality services offered for decades by Stanley Steemer under its well-known STANLEY STEEMER Mark.

30. Stanley Steemer further contends that numerous instances of actual consumer confusion have already occurred, as outlined in the First Amended Complaint.

31. Defendants also ran sponsored ads on Google that used the STANLEY STEEMER Mark and included a ® symbol after the STAINLESS STEEMER Disputed Mark, resulting in Defendants' Disputed Marks and Disputed Websites displayed at the top of Google search results for "Stanley Steemer."

32. Online records from the Google Ads Transparency Center confirm that Asis and Talor, through Precision Carpet Care, have paid for, and in the past ran, sponsored ads for various purported carpet cleaning businesses, including "Stainless Steamer."

33. Additionally, the Better Business Bureau's ("BBB") company page for "Stainless Steamer Carpet Cleaning" assigns the company a rating of "F" and indicated at the time the First Amended Complaint was filed that nine complaints had been filed against the business, with a 100% failure to respond by "Stainless Steamer."

34. Despite Stanley Steemer's objections to Defendants' activities, Stanley Steemer contends that Defendants' activities continued unabated, even after the filing of the First Amended Complaint.

35. Stanley Steemer contends that, given the striking similarities between the Disputed Marks and Stanley Steemer's STANLEY STEEMER Mark, and the fact that Defendants are (or were) using the Disputed Marks in connection with services identical to

those long-offered by Stanley Steemer despite Stanley Steemer's request that these actions cease and despite numerous complaints from dissatisfied and confused customers, Defendants' selection and adoption of the Disputed Marks was an intentional, willful attempt to trade on Stanley Steemer's invaluable goodwill and hard-earned reputation.

36. Stanley Steemer further contends that Defendants' activities and use of the Disputed Marks, Disputed Domain Names, and Disputed Websites, whether directly or indirectly, have caused confusion, mistake, and deception among consumers.

37. Additionally, Stanley Steemer contends that, by registering, using, and trafficking in the Disputed Domain Names, Defendants acted with a bad faith intent to profit from the goodwill Stanley Steemer has developed in its well-known and distinctive STANLEY STEEMER Mark.

38. Stanley Steemer also contends that Defendants' use of unauthorized versions of the distinctive STANLEY STEEMER Mark injured Stanley Steemer's business reputation, diluted the distinctiveness of the STANLEY STEEMER Mark, blurred the public's identification of the STANLEY STEEMER Mark with Stanley Steemer, and tarnished the positive associations and high-quality connotations of Stanley Steemer's STANLEY STEEMER Mark.

39. Accordingly, the Parties having agreed upon a resolution of this matter without any admission of liability and having entered into a Settlement Agreement for that purpose, Defendants Precision Carpet Care, Asis, and Talor, and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from any of the Defendants, or in concert or participation with any of the Defendants, are permanently enjoined and restrained from, directly or indirectly:

a. using the Disputed Marks, the Disputed Domain Names, the Disputed Websites, Stanley Steemer's STANLEY STEEMER Mark, and any other copy, reproduction, or colorable imitation or simulation of Stanley Steemer's STANLEY STEEMER Mark in connection with any services or goods offered by Defendants;

b. using any trademark, service mark, trade dress, name, logo, domain name, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the trademarks, service marks, trade dresses, names, or logos of Stanley Steemer;

c. using any trademark, service mark, trade dress, name, logo, domain name, or source designation of any kind that is likely to dilute the distinctive quality of, and/or tarnish the reputation of, Stanley Steemer's STANLEY STEEMER Mark, including but not limited to the Disputed Marks;

d. engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception, or public misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services or goods with or by Stanley Steemer;

e. passing off, palming off, or assisting in passing off or palming off, Defendants' services or goods as those of Stanley Steemer, or otherwise continuing any and all acts of unfair competition alleged in this Complaint; and

f. otherwise infringing upon Stanley Steemer's STANLEY STEEMER Mark or unfairly competing with Stanley Steemer in any manner whatsoever.

40. Defendants are ordered to pay Stanley Steemer the amount of Thirty Thousand U.S. Dollars ($30,000) (the "Settlement Payment") by submitting a wire transfer payment to Stanley Steemer's bank account no later than five (5) business days after Defendants' execution of this Consent Judgment. Each of the Defendants is jointly and severally liable for the full Payment Amount and failure to timely remit the Payment Amount will be deemed a material breach of the Settlement Agreement and a violation of this Consent Judgment.

41. Defendants, and the registrar(s) of each of the Disputed Domain Names, are ordered to initiate the process to transfer and assign to Stanley Steemer or its designee each of the Disputed Domain Names no later than ten (10) days after Defendants' execution of

this Consent Judgment, to take all actions necessary to effectuate the transfer of the Disputed Domain Names, and to complete the transfer of the Disputed Domain Names no later than thirty (30) days after Defendants' execution of this Consent Judgment, which deadline shall be extended automatically as necessary to the extent any delay in transfer is attributed to Stanley Steemer, any third party, and/or any other circumstances beyond Defendants' control.

42. Defendants are ordered, no later than ten (10) days after Defendants' execution of this Consent Judgment, to initiate the process to transfer and assign to Stanley Steemer all email addresses owned and/or controlled by any of the Defendants that consist of or incorporate any STEEMER-formative or STEAMER-formative mark, including but not limited to stainlesssteamerca@gmail.com; stainlesssteamerusa@gmail.com; stainlesssteemerca.bing@gmail.com; stainlesssteemerlv.bing@gmail.com; and stainlesssteemerlv@gmail.com (collectively, the "Disputed Email Addresses"), to take all actions necessary to effectuate the transfer of the Disputed Email Addresses, and to complete the transfer of the Disputed Email Addresses no later than thirty (30) days after Defendants' execution of this Consent Judgment, which deadline shall be extended automatically as necessary to the extent any delay in transfer is attributed to Stanley Steemer, any third party, and/or any other circumstances beyond Defendants' control.

43. Defendants are ordered, no later than ten (10) days after execution of this Consent Judgment, to initiate the process to transfer and assign to Stanley Steemer all phone numbers owned and/or controlled by any of the Defendants that were at any time used in connection with Defendants' activities and use of the Disputed Marks, including but not limited to 877-309-6226; 702-425-5800; 866-842-6071; and 855-600-1675 (collectively, the "Disputed Phone Numbers"), to take all actions necessary to effectuate the transfer of the Disputed Phone Numbers, and to complete the transfer of the Disputed Phone Numbers no later than thirty (30) days after Defendants' execution of this Consent Judgment, which deadline shall be extended automatically as necessary to the extent any delay in transfer is

attributed to Stanley Steemer, any third party, and/or any other circumstances beyond Defendants' control.

44. Defendants are directed to file with the Court and serve on Stanley Steemer, within thirty (30) days after entry of this Stipulated Consent Judgment and Permanent Injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied fully with the Stipulated Consent Judgment and Permanent Injunction and including but not limited to providing confirmation that all sponsored ads, Google listings, and the like have been permanently deactivated and taken down. This written confirmation shall also include an identification of each (a) business name and (b) Google Ads, Microsoft Advertising, Google Business Profile, and lead-generation account previously used by Defendants in connection with the Disputed Marks.

45. In the event any of the Defendants breach any term of this Stipulated Consent Judgment and Permanent Injunction, or otherwise infringe or dilute Stanley Steemer's intellectual property rights, or unfairly compete with Stanley Steemer, Stanley Steemer will be entitled to injunctive relief, damages, and profits, and Defendants, jointly and severally, agree to pay Stanley Steemer's attorneys' fees and costs incurred as a result of such infringement, dilution, unfair competition, and/or breach, including investigative costs incurred in the discovery and investigation of such infringement, dilution, unfair competition, and/or breach.

46. Defendants and Stanley Steemer stipulate and agree that this Court has jurisdiction to enter the Stipulated Consent Judgment and Permanent Injunction and that the Court will have continuing jurisdiction for purposes of enforcing the Stipulated Consent Judgment and Permanent Injunction.

47. Defendants and Stanley Steemer further stipulate and agree that the U.S. District Court for the Central District of California will have personal jurisdiction over each of the Defendants in any dispute involving this Stipulated Consent Judgment and Permanent

Injunction and any future violation of Stanley Steemer's intellectual property rights by any of the Defendants.

48. Each Defendant irrevocably and fully waives any and all right to appeal the Stipulated Consent Judgment and Permanent Injunction.

49. The Stipulated Consent Judgment and Permanent Injunction will remain in full force and effect unless and until modified by order of this Court.

50. Other than as agreed upon in this Stipulated Consent Judgment and Permanent Injunction and in the parties' Settlement Agreement, the parties will bear their own fees and costs in connection with this action.

[*Signatures on following page*]

**STIPULATED AND CONSENTED TO BY:**

Plaintiff and each of the Defendants consent to the terms and conditions of this Stipulated Consent Judgment and Permanent Injunction and to the entry of the Stipulated Consent Judgment and Permanent Injunction.

**STANLEY STEEMER INTERNATIONAL, INC.**

By: ______________________

Name: D. Ryan Jankowski

Position: Vice President of Legal Affairs & CAO

Date: 11/09/2026

**PRECISION CARPET CARE INC.**

By: ______________________

Name: ______________________

Position: ______________________

Date: ______________________

**OFIR ASIS**

By: ______________________

Name: ______________________

Date: ______________________

**STIPULATED AND CONSENTED TO BY:**

Plaintiff and each of the Defendants consent to the terms and conditions of this Stipulated Consent Judgment and Permanent Injunction and to the entry of the Stipulated Consent Judgment and Permanent Injunction.

| STANLEY STEEMER INTERNATIONAL, INC. | PRECISION CARPET CARE INC. |
| --- | --- |
| By: ______________________ | By: Omri ______________________ |
| Name: ______________________ | Name: Omri Talor |
| Position: ______________________ | Position: Owner |
| Date: ______________________ | Date: 11/09/2026 |

**OFIR ASIS**

By: ______________________

Name: Ofir Asis

Date: 11/09/2026

**OMRI TALOR**

By: Omri

Name: Omri Talor

Date: 11/09/2026

**IT IS SO ORDERED.**

This 16th day of November, 2026.

John F. Walter

The Honorable John F. Walter
United States District Judge